UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGHIA TRUONG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RAYTHEL FISHER JR.,[1] Acting Warden,<br><br>　　　　Respondent. | Case No. 13-cv-05342-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner Nghia Truong, an inmate currently incarcerated at Valley State Prison, filed a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d)—the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Although given an opportunity to do so, Petitioner has not filed an opposition to Respondent's motion.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's unopposed motion to dismiss the petition as untimely.

## BACKGROUND

On September 26, 2007, Petitioner pled no contest in the San Mateo County Superior Court to three counts of residential burglary and admitted an alleged prior residential burglary conviction. Dkt. 13, Ex. A at 1-2; Dkt. 1 at 2. Petitioner was sentenced to 14 years and 4 months in state prison. *Id.* Petitioner claims a criminal fine of $500.00 was imposed at sentencing. Dkt. 1 at 8. However, he claims that after sentencing, the trial court imposed a fine of $183,810.23 "by a

---

[1] Raythel Fisher Jr., the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

preponderance of evidence pursuant to rules of 'Victim Compensation Program Verification Process.'" *Id.* at 9, 11-12.

On September 24, 2008, the California Court of Appeal affirmed Petitioner's conviction. Dkt. 13, Ex. A. Petitioner did not file a petition for review in the California Supreme Court.

Petitioner alleges that on June 21, 2012, the United State Supreme Court issued its decision in *Southern Union, Co. v. United States*, ––– U.S. –––, 132 S. Ct. 2344 (2012), which "held that the maximum punishment authorized for [a] particular crime must be proved to [a] jury beyond [a] reasonable doubt where [a] criminal fine is substantial enough to trigger the Sixth Amendment's jury trial guarantee." Dkt. 1 at 9.[2]

On August 27, 2012, Petitioner filed a "Motion for Amended Abstract of Judgment to Include Conduct Credits" in the California Court of Appeal. Dkt. 13, Ex. B. The state appellate court deemed the motion as a state habeas petition and denied it on August 30, 2012. *Id.*

According to Petitioner, in March 2013, he filed a state habeas petition in the San Mateo County Superior Court, but he claims he never received a decision. Dkt. 13, Ex. C at 6. Respondent claims that the state superior court petition should have been ruled upon by May 2013. Dkt. 13 at note 1 (citing Cal. Rules of Court, rule 4.551(a)(3)(A) ("The court must rule on a petition for a writ of habeas corpus within 60 days after the petition is filed.")). Respondent further argues that the petition must have been denied, which is plausible because the record shows Petitioner continued to seek collateral relief in the state supreme court. *Id.* at 2.

On May 31, 2013,[3] Petitioner filed a state habeas petition in the California Supreme Court, which was denied on August 14, 2013. Dkt. 13, Ex. C, D.

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

[3] A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). Petitioner signed his state supreme court petition and his federal habeas petition on May 31, 2013 (Dkt. 13, Ex. C at 6) and September 3, 2013 (Dkt. 1 at 7), respectively. For the purposes of this discussion, the Court deems those petitions as filed on those dates. *See Saffold*, 250 F.3d at 1268. The Court notes that Respondent did not take this "mailbox rule" into consideration when claiming that the petition was filed on October 30, 2013. Dkt. 13 at 2.

2

1    On September 3, 2013,[4] Petitioner filed the instant petition, in which he alleges that "his
2    right to trial by jury and proof beyond reasonable doubt as guaranteed by the Sixth Amendment
3    was violated by the court's imposition of the $183,810.23 criminal direct order fine." Dkt. 1 at 9.
4    He further argues that the fine is "consisten[t] with that imposed by the court in *Southern*
5    *Union* . . . as its substantial range of punishment and preponderance of [the]evidence standard of
6    proof is clearly contrary to and an unreasonable application of clearly established law as
7    determined by the Supreme Court. " *Id.* at 10.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file her federal habeas petition within one year of the date her process of direct review came to an end. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final

---

[4] *See supra* note 3.

3

by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In the present case, the state appellate court affirmed Petitioner's conviction on September 24, 2008. That decision became final thirty days later, on October 24, 2008. *See* Cal. Rules of Court 8.264(b)(1). Petitioner did not file a petition for review in the California Supreme Court, and his time to seek further direct review expired ten days after the state appellate court's decision became final, which would have been on November 3, 2008.[5] *See* Cal. Rules of Court 8.500(e)(1). Therefore, AEDPA's one year statute of limitations began running on November 3, 2008. 28 U.S.C. § 2244(d)(1)(A).

Accordingly, Petitioner was required to file a federal habeas corpus petition no later than November 3, 2009. 28 U.S.C. § 2244(d). Because he did not file the present petition until September 3, 2013—almost four years after the limitations period had expired—the petition is untimely unless Petitioner can show he is entitled to tolling.

## I. STATUTORY TOLLING

The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Tolling applies to one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Here, the record shows that Petitioner sought collateral review in state courts in 2012 and 2013. However, as mentioned above, the one-year limitations period had expired on November 3, 2009. A state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a

---

[5] Respondent has incorrectly calculated the date Petitioner's conviction became final to have been on *October* 3, 2008, which is clearly *not* 40 days (30 days plus 10 days) after the state appellate court issued its opinion on September 24, 2008. Dkt. 13 at 2-3. Therefore, the Court will not rely on Respondent's calculations.

4

clock that has not yet fully run.  Once the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, Petitioner's state habeas petitions filed in 2012 and 2013 do not revive the limitations period that has already run.  Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show that he is entitled to a delayed commencement of the limitations period or equitable tolling.

## II.  DELAYED COMMENCEMENT OF THE LIMITATIONS PERIOD

As mentioned above, a petitioner may attempt to justify the late filing of his habeas petition by demonstrating his eligibility for a delayed commencement of the limitations period under either subheadings (B), (C) or (D) of section 2244(d)(1).  Here, as mentioned above, Petitioner did not file an opposition to the motion to dismiss and, therefore, he has not alleged that he is entitled to a delayed commencement of the limitations period.  Thus, Petitioner does not present any evidence or argument suggesting there existed unconstitutional state action that created an impediment to his filing the petition. *See* 28 U.S.C. § 2244(d)(1)(B).  Moreover, he does not argue that he could not have discovered the factual basis for his claims despite due diligence. See 28 U.S.C. § 2244(d)(1)(D).  However, in his petition, Petitioner's allegations could be construed as an argument that he is entitled to a delayed commencement of the limitations period under subheading (C), "the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).  In interpreting 28 U.S.C. § 2255(f)(3), an analogous provision for federal prisoners seeking to file under 28 U.S.C. § 2255, the Supreme Court has held that the one-year limitation period begins to run on the date on which the Supreme Court recognized the new right being asserted, not the date on which that right was made retroactive. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

Had Petitioner filed an opposition, he could have argued that because *Southern Union* held that the Sixth Amendment gives defendants the right to have a jury determine beyond a reasonable

doubt the facts that would increase the maximum criminal fine, he is not time barred because the limitations period would have commenced on the date *Southern Union* was issued on June 21, 2012.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that the Sixth Amendment requires a jury to determine any fact, other than a prior conviction, that increases a criminal defendant's potential maximum sentence. *Southern Union* held that this principle "applies to sentences of criminal fines." 132 S. Ct. at 2349. However, it did not recognize a new *right* as section 2244(d)(1)(C) requires. *Cf. Sluder v. United States*, No. 05-CR-1570-W, 2014 WL 334712, at *2 (S.D. Cal. Jan. 29, 2014) (finding that *Southern Union* does not recognize right asserted by petitioner as recognized by 28 U.S.C. § 2255(f)(3), which is analogous to section 2244(d)(1)(C) but relates to delayed commencement of one-year statute of limitations for motions brought under 28 U.S.C. § 2255); *Anderson v. United States*, No. 12 CIV. 7638 AKH, 2013 WL 652425, at *2 (S.D.N.Y. Feb. 22, 2013) (same). Rather, *Southern Union* merely extended a principle already articulated in *Apprendi*, which was issued in 2000 and predates Petitioner's 2007 conviction. *Cf. id.*

In sum, Petitioner is not entitled to a delayed commencement of the limitations period under section 2244(d)(1)(C), and the limitations period did not begin to run when the Supreme Court issued *Southern Union* in 2012, but rather on the date when the judgment of conviction became final on November 3, 2008. Therefore, because Petitioner did not file the present petition until September 3, 2013—almost four years after the limitations period had expired on November 3, 2009—the petition is untimely unless he can show he is entitled to equitable tolling.

### III.   EQUITABLE TOLLING

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling, however, is unavailable on most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's

control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Id.* Thus, petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted).

 Here, again as mentioned above, Petitioner did not file an opposition; therefore, he has not alleged that he is entitled to equitable tolling. Thus, nothing currently in the record suggests the possibility of equitable tolling. Even in his petition, Petitioner alleges no facts from which the Court could infer that his failure to raise his claims prior to the expiration of the limitations period was because of circumstances which were beyond his control and which made it impossible to file a timely federal petition. It was Petitioner's delay in pursuing his state court remedies, rather than extraordinary circumstances, that led him to exceed the limitations period. *See Miranda*, 292 F.3d at 1065. The limitations period will not be equitably tolled.

Accordingly, Respondent's unopposed motion to dismiss is GRANTED, and the petition is DISMISSED because it was not timely filed under 28 U.S.C. § 2244(d)(1).

**IV.   CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

# CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Respondent's unopposed motion to dismiss the petition as untimely (dkt. 13) is GRANTED, and this action is DISMISSED with prejudice.

2. A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

4. This Order terminates Docket No. 13.

IT IS SO ORDERED.

Dated:

_____
YVONNE GONZALEZ ROGERS
United States District Judge