UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD LONDON,

    Petitioner,

v.

JOE A. LIZARRAGA, Warden,

    Respondent.

Case No. 13-cv-03434-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY**

## INTRODUCTION

Petitioner Richard London, an inmate currently incarcerated at Mule Creek State Prison, filed a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1978 judgment of conviction from the San Francisco County Superior Court and asserting a claim of ineffective assistance of counsel during the plea bargaining process.

Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d)—the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition. Dkt. 11. Respondent has filed a reply. Dkt. 12. Petitioner has filed a sur-reply.[1] Dkt. 14.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## BACKGROUND

In 1978, a San Francisco County jury found Petitioner guilty of two counts of first degree murder in San Francisco County Superior Court case number 92091. Dkt. 1 at 2[2]; *London v. Subia*, No. CIV S-07-1489-LKK, 2010 WL 4483473, at *1 (E.D. Cal. Nov. 1, 2010).

On October 20, 1978, the trial court sentenced Petitioner to seven years to life in state prison. *Id.*

---

[1] Petitioner's motion for leave to file a sur-reply is GRANTED. Dkt. 13.
[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

Petitioner claims that on unspecified dates, the California Court of Appeal, California Supreme Court, and another unnamed court upheld his criminal judgment on appeal.[3] Dkt. 1 at 3.

On March 9, 2013,[4] Petitioner filed a state habeas petition in California Supreme Court case number S209307, raising the same ineffective assistance of counsel claim raised in his federal habeas petition. Dkt. 1 at 4; Dkt. 8, Ex. 1. The petition was summarily denied on May 1, 2013. Dkt. 1 at 4; Dkt. 8, Ex. 2.

On July 18, 2013,[5] Petitioner filed the instant federal habeas petition.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

---

[3] Petitioner did not include the dates of these decisions in his petition. The Court has conducted its own search of the California courts' official website using Petitioner's first and last names, and the search returned no results for direct appeal cases. A search of Westlaw using Petitioner's first and last names also returned no results for direct appeal cases in the California courts relating to case number 92091, although there exists one United States Supreme Court case, *London v. California*, 449 U.S. 1114 (1981), in which a "[p]etition for writ of certiorari to the Court of Appeal of California, First Appellate District," was denied. Respondent alleges that a "search of [their] own internal docketing system revealed a single direct appeal case that was opened on October 14, 1979, and closed on July 29, 1980." Dkt. 8 note 1.

[4] A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). Petitioner signed his state supreme court petition and his federal habeas petition on March 9, 2013 (Dkt. 8, Ex. 1 at 6) and July 18, 2013 (Dkt. 1 at 7), respectively. For the purposes of this discussion, the Court deems those petitions as filed on those dates. *See Saffold*, 250 F.3d at 1268.

[5] *See supra* note 4.

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA's one-year time limit, however, did not begin to run against any state prisoner before the date of the Act's enactment, April 24, 1996. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitations period to commence before AEDPA's enactment would have an impermissible retroactive effect), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). A prisoner with a state conviction finalized before April 24, 1996—such as Petitioner's 1978 conviction—had one year from the enactment of AEDPA, i.e., April 24, 1997, to file a federal habeas petition on time. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). The present federal habeas petition was filed on July 18, 2013, over sixteen years after the limitations period had expired.

Petitioner concedes that he filed his federal petition beyond the one-year limitations period provided in section 2244(d)(1)(A), but argues that his petition is timely under sections 2244(d)(1)(B)-(D). Dkt. 1 at 12-13; Dkt. 11 at 8.

## I. DELAYED COMMENCEMENT OF THE LIMITATIONS PERIOD

As mentioned above, a petitioner may attempt to justify the late filing of his habeas petition by demonstrating his eligibility for a delayed commencement of the limitations period under either subheadings (B), (C) or (D) of section 2244(d)(1). Here, Petitioner claims in his petition as well as in his opposition to the motion to dismiss that he is entitled to a delayed commencement of the limitations period.

First, Petitioner does not present any evidence or argument suggesting there existed unconstitutional state action that created an impediment to his filing the petition. *See* 28 U.S.C. § 2244(d)(1)(B). Therefore, he is not entitled to a delayed commencement of the limitations period under section 2244(d)(1)(B).

Second, under section 2244(d)(1)(C), the one-year limitation period starts on the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

1  collateral review."  In interpreting 28 U.S.C. § 2255(f)(3), an analogous provision for federal
2  prisoners seeking to file under 28 U.S.C. § 2255, the Supreme Court has held that the one-year
3  limitation period begins to run on the date on which the Supreme Court recognized the new right
4  being asserted, not the date on which that right was made retroactive. *See Dodd v. United States*,
5  545 U.S. 353, 357 (2005).  Petitioner argues that he is entitled to a later start date of the statute of
6  limitations due to the Supreme Court's decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and
7  *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), which he contends established a new constitutional rule.
8  *Frye* and *Lafler* concerned the defense counsel's failure to communicate to the defendant a formal
9  plea offer from the prosecution regarding a plea with favorable terms and conditions and allowing
10  that offer to lapse. *Frye*, 132 S. Ct. at 1410; *Lafler*, 132 S. Ct. at 1383.  The Supreme Court found
11  this constituted deficient performance. *Id.*  However, Petitioner's contention—that *Frye* and
12  *Lafler* established a new constitutional rule—has been directly rejected by the Ninth Circuit.  In
13  *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012), the Ninth Circuit held that
14  neither *Frye* nor *Lafler* decided a new constitutional rule but rather applied the Sixth Amendment
15  right to effective assistance of counsel according to the test articulated in *Strickland v.*
16  *Washington*, 466 U.S. 668, 686 (1984), and extended it to the plea-bargaining context in *Hill v.*
17  *Lockhart*, 474 U.S. 52 (1985).  "Because the Court in *Frye* and *Lafler* repeatedly noted its
18  application of an established rule to the underlying facts, these cases did not break new ground or
19  impose a new obligation on the State or Federal Government." *Buenrostro*, 697 F.3d at 1140.
20  Therefore, Petitioner is not entitled to a delayed commencement of the limitations period under
21  section 2244(d)(1)(C).
22      Finally, Petitioner fails to show that he could not have discovered the factual basis for his
23  ineffective assistance of counsel claim despite due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).
24  Even if Petitioner had meant to argue that he did not understand the *legal* significance of the facts
25  of his aforementioned underlying claim before *Frye* and *Lafler* were decided, such an argument is
26  unavailing.  A prisoner does not "need[] to understand the legal significance of those facts—rather
27  than simply the facts themselves—before the due diligence (and hence the limitations) clock
28  start[s] ticking . . . .  Time begins when the prisoner knows (or through diligence could discover)

the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (citation and internal quotation marks omitted).

Accordingly, Petitioner is not entitled to a delayed commencement of the limitations period under either subheadings (B), (C) or (D) of section 2244(d)(1), and the petition is untimely.

## II.     EQUITABLE TOLLING

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling, however, is unavailable on most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Id.* Thus, petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 560 U.S. at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

Here, in his sur-reply, Petitioner has alleged that he is entitled to equitable tolling because he allegedly faced "extreme limitations . . . due to his incarceration and lack of access or opportunity to an adequate law library or the tools and help he needed to prepare the present

petition in question." Dkt. 14 at 4.

First, Petitioner points to his incarcerated status, which the Court construes as an argument for equitable tolling based on the fact that he is a layman without any litigation experience. However, ignorance of the law and lack of legal sophistication do not alone constitute extraordinary circumstances warranting equitable tolling. *Rasberry*, 448 F.3d at 1154 (cataloguing cases from other circuits and holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner insufficient cause to avoid procedural bar); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness and lack of legal training does not justify equitable tolling). Therefore, Petitioner is not entitled to equitable tolling based solely on the fact that he is a layman without any litigation experience.

Second, Petitioner is not entitled to equitable tolling based on his claim of lack of access to the prison law library either. Petitioner seems to claim that his lack of access to the law library led to a delay in his notification of the Supreme Court's decisions in *Frye* and *Lafler*. Dkt. 14 at 4. However, as mentioned above, it matters not that the *Frye* and *Lafler* decisions were issued in 2012 because they did not decide a new rule of constitutional law. The Court has found above that Petitioner is not entitled to a delayed commencement of the limitations period under section 2244(d)(1)(C). In addition, Petitioner has not alleged whether he was denied access to the prison law library throughout his *sixteen-year delay* in filing his federal habeas petition. Even if Petitioner had alleged a lack of access to the law library during a portion of that time frame, this alleged lack of access did not make it impossible for him to file a federal petition on time, *Beeler*, 128 F3d at 1288, or, put differently, was not the cause of his untimeliness, *Spitsyn*, 345 F3d at 799. Petitioner has not alleged any facts from which the Court could infer that his failure to raise his ineffective assistance of counsel claim prior to the expiration of the limitations period was because of circumstances which were beyond his control and which made it impossible to file a timely federal petition. Instead, it was Petitioner's sixteen-year delay in filing the instant federal habeas petition, rather than extraordinary circumstances, that led him to exceed the limitations

period. *See Miranda*, 292 F.3d at 1065. The limitations period will not be equitably tolled.

Accordingly, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED because it was not timely filed under 28 U.S.C. § 2244(d)(1).[6]

### III. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's motion for leave to file a sur-reply is GRANTED. Dkt. 13.

2. Respondent's motion to dismiss the petition as untimely (dkt. 8) is GRANTED, and this action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

4. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

5. This Order terminates Docket Nos. 8 and 13.

IT IS SO ORDERED.

Dated: March 17, 2015

YVONNE GONZALEZ ROGERS
United States District Judge

---

[6] In his opposition, Petitioner moves for an evidentiary hearing to "allow [him] to show that if the facts are fully developed he can demonstrate that he is entitled to relief and that it is the duty of the Court to provide the necessary facilities and procedures for an adequate inquiry." Dkt. 11 at 6. Because the Court has found that the petition must be dismissed as untimely, and that Petitioner has not shown that he is entitled to a delayed commencement of the limitations period or to equitable tolling, his motion for an evidentiary hearing is DENIED.