UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LONDON,<br><br>   Petitioner,<br><br>v.<br><br>JOE A. LIZARRAGA, Warden,<br><br>   Respondents. | Case No. 13-cv-03434-YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)** |

This is a *pro se* habeas action under 28 U.S.C. § 2254 in which Petitioner Richard London filed a federal habeas petition challenging his 1978 judgment of conviction from the San Francisco County Superior Court and asserting a claim of ineffective assistance of counsel during the plea bargaining process.

On March 17, 2015, the Court, upon motion of Respondent, previously dismissed the action on the grounds that the petition was not filed within the one-year limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. 17. On the same date, judgment was entered in Respondent's favor, and the case was closed. Dkt. 16.

On October 18, 2015, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. Dkt. 20.

On February 19, 2016, Petitioner filed the present Motion for Relief from Judgment of Dismissal Pursuant to Federal Rule of Civil Procedure 60(b). Dkt. 21.

Having read and considered the papers submitted in the matter, the Court hereby DENIES the motion.

**DISCUSSION**

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by

due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Id.*

The Court notes that Petitioner does not indicate which of the provisions of Rule 60(b) applies to his case. *See* Dkt. 21. Plaintiff makes no showing of mistake, inadvertence, surprise or excusable neglect, he does not set forth any newly discovered evidence, fraud, or any grounds for finding that the judgment is void or has been satisfied, nor does he set forth any other reason justifying relief. *See id.* In the present motion, though not entirely clear, it appears that Petitioner reiterates the same unsuccessful argument raised in his petition as well as in his opposition to Respondent's motion to dismiss, namely that he is entitled to a delayed commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(C). However, the Court has already rejected Petitioner's argument in its Order granting Respondent's motion to dismiss, stating as follows:

> . . . [U]nder section 2244(d)(1)(C), the one-year limitation period starts on the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In interpreting 28 U.S.C. § 2255(f)(3), an analogous provision for federal prisoners seeking to file under 28 U.S.C. § 2255, the Supreme Court has held that the one-year limitation period begins to run on the date on which the Supreme Court recognized the new right being asserted, not the date on which that right was made retroactive. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Petitioner argues that he is entitled to a later start date of the statute of limitations due to the Supreme Court's decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), which he contends established a new constitutional rule. *Frye* and *Lafler* concerned the defense counsel's failure to communicate to the defendant a formal plea offer from the prosecution regarding a plea with favorable terms and conditions and allowing that offer to lapse.

> *Frye*, 132 S. Ct. at 1410; *Lafler*, 132 S. Ct. at 1383. The Supreme Court found this constituted deficient performance. *Id.* However, Petitioner's contention—that *Frye* and *Lafler* established a new constitutional rule—has been directly rejected by the Ninth Circuit. In *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012), the Ninth Circuit held that neither *Frye* nor *Lafler* decided a new constitutional rule but rather applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and extended it to the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52 (1985). "Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government." *Buenrostro*, 697 F.3d at 1140. Therefore, Petitioner is not entitled to a delayed commencement of the limitations period under section 2244(d)(1)(C).

Dkt. 17 at 4.[1] Therefore, contrary to Petitioner's assertion, the Court addressed in detail, in its Order granting the motion to dismiss the petition as untimely, and eventually rejected Petitioner's argument that he is entitled to a delayed commencement of the limitations period. *See id.*

For the foregoing reasons, the motion for reconsideration is hereby DENIED.

This Order terminates Docket No. 21.

IT IS SO ORDERED.

Dated: September 7, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] The Court also found that Petitioner was not entitled to a delayed commencement of the limitations period under either section 2244(d)(1)(B) or 2244(d)(1)(D). Dkt. 14 at 3-4. Specifically, the Court found that Petitioner failed to present any evidence or argument suggesting there existed unconstitutional state action that created an impediment to his filing the petition pursuant to 28 U.S.C. § 2244(d)(1)(B). *Id.* at 3. The Court also determined that Petitioner failed to show that he could not have discovered the factual basis for his ineffective assistance of counsel claim despite due diligence. *See id.* at 4 (citing 28 U.S.C. § 2244(d)(1)(D)).

3